## PURE ICE & COLD STORAGE COMPANY
### v.
## JAMFS P. HILL.

*Guaranty—Preservation of Goods in Cold Storage Warehouse—Evidence—Instructions.*

In an action brought to recover for injury to certain butter stored with defendant, upon its alleged guaranty to keep the same pure and sound, this court declines, in view of the evidence, to interfere with the judgment for the plaintiff.

[Opinion filed June 12, 1891.]

APPEAL from the Circuit Court of Sangamon County; the Hon. J. A. CREIGHTON, Judge, presiding.

Messrs. CONKLING & GROUT, for appellant.

Mr. E. L. CHAPIN, for appellee.

WALL, J. This suit originated before a justice of the peace and was taken by appeal to the Circuit Court, where the plaintiff recovered a verdict and judgment thereon for $200.

The cause of action alleged was that the defendant undertook to keep a certain quantity of butter for the plaintiff in the cold storage warehouse of the defendant and guaranteed that said butter should be preserved and remain sound and

pure while in said warehouse, but that it was not so preserved and became unsound and impure.

The questions of fact were whether defendant undertook as alleged, whether the butter was in good condition when received for storage, and what was its condition when removed; and these were all solved by the jury in favor of the plaintiff. Appellant, in its brief, vigorously insists that the evidence does not support the verdict, but after full consideration we find no occasion to interfere with the judgment on this ground. As to whether there was such a guaranty as alleged, there is some conflict, which the jury settled, and properly, as we are inclined to think. The object of cold storage is to preserve fresh meats, fruits, butter, etc., from decay, by sufficiently reducing the temperature of the place; and it was reasonable to believe that there was a guaranty to that effect as testified by plaintiff.

Whether the object would be accomplished would depend upon the construction and management of the storage rooms, matters for which defendant would naturally be responsible and as to which plaintiff would naturally rely upon the defendant's undertaking.

As to the condition of the butter when received and when taken out, there is no conflict in the testimony, and while the proof is not perfectly conclusive on these points, it sufficiently tends to maintain the plaintiff's allegations.

It is urged by appellant that it was error to assume, in the first instruction for plaintiff, that there was evidence tending to show that defendant warranted the butter in controversy would keep in defendant's warehouse, and that it was error to assume in the second instruction that the loss was occasioned by a defect in the storage. In view of the evidence, as we regard it, these objections are unduly technical and refined. There was ample ground upon which to predicate the instructions. Nor did the court err in refusing the eighth instruction asked by defendant, as the point thereof was presented well enough in the latter clause of the second given for defendant. No other objections are urged and the judgment will be affirmed.

*Judgment affirmed.*